[No. D033855. Fourth Dist., Div. One. June 6, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MARIA CARRILLO CORONA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*This opinion is certified for publication with the exception of part II.

## COUNSEL

Elizabeth A. Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura Whitcomb Halgren and Kyle Niki Shaffer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McDONALD, J.**—Maria Carrillo Corona, a Mexican national, pleaded guilty to conspiracy to transport marijuana (Pen. Code, § 182) and was placed on formal probation for three years. Corona appeals, contending the court erroneously denied her motion to suppress incriminating statements she made to the police officers. She contends that the officers did not (1) advise her of her rights under the Multilateral Vienna Convention on Consular Relations and Optional Protocol on Disputes, April 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (hereafter Vienna Convention), (2) properly advise her

of her rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974] (*Miranda*) before an initial interrogation, and (3) readvise her of her *Miranda* rights before a second interrogation. We affirm.

## FACTS

In November 1998 the California Highway Patrol contemporaneously stopped two vehicles, one of which was following the other. Yolanda Sanchez was driving one vehicle, in which officers found a substantial amount of marijuana, and Corona was driving the other vehicle.

One officer told Corona he was investigating whether she was involved in a possible drug transaction. At approximately 10:00 a.m., he advised her under *Miranda* and asked her, "Did you understand? Are you now willing to answer any questions?"

Beginning at 1:00 p.m., a different officer interviewed Corona for 30 to 40 minutes. During this interview, she confessed she had conspired to transport marijuana. The officer did not readvise Corona of her *Miranda* rights because he believed she had previously been advised of, and waived, those rights.

## DISCUSSION

### I

### *Article 36 of the Vienna Convention*[1]

■ The court denied Corona's motion to suppress statements she made to the investigating officers. She contends the court should have granted her suppression motion because the officers did not advise her of her rights under article 36. The parties stipulated that the officers did not advise Corona of her article 36 rights. The legal question is whether the remedy for this violation is exclusion of the statements she made to the officers.

The Vienna Convention is a 79-article, multilateral treaty signed by the United States and Mexico. (*U.S. v. Lombera-Camorlinga* (9th Cir. 2000) 206 F.3d 882, 884, cert. den. *sub nom. Lombera-Camorlinga* (2000) 531 U.S. 991 [121 S.Ct. 481, 148 L.Ed.2d 455] (*Lombera-Camorlinga*).) It was negotiated in 1963 and ratified by the United States Senate in 1969. (206 F.3d at p. 884.) Its provisions cover a number of issues, including arrest of a foreign

---

[1]All references to article 36 are to article 36 of the Vienna Convention.

national, that requires consular intervention or notification. (*Id.* at p. 884.) Article 36 provides in part: "1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State: [¶] . . . [¶] (b) if he [or she] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his [or her] rights under this sub-paragraph." (21 U.S.T. at p. 101.)

Corona urges us to hold that the Vienna Convention creates a personally enforceable right. We need not resolve the issue, however, because the Ninth Circuit has held that regardless of what personal rights the Vienna Convention creates, suppression of evidence is not an appropriate remedy for violations of article 36.[2] (*Lombera-Camorlinga, supra,* 206 F.3d at p. 885.) Corona urges us to disregard this holding, contending the exclusionary rule is the proper remedy when constitutional or other rights have been violated. She also claims that because the Vienna Convention requires the arresting state to immediately notify the arrestee of his or her Vienna Convention rights and the proper official in his or her country of origin of the arrest, and leaves the enforcement mechanism to the state, the exclusionary rule is the correct remedy for the violation.

In *Lombera-Camorlinga,* the Ninth Circuit Court of Appeals rejected similar arguments. It noted the Vienna Convention was drafted three years before *Miranda.* (*Lombera-Camorlinga, supra,* 206 F.3d at p. 886.) Further, although the rights to counsel and against self-incrimination are essential to our criminal justice system, those same rights are not recognized or enforced worldwide. (*Ibid.*) Unlike *Miranda,* the Vienna Convention does not require law enforcement officials to stop interrogation if the arrestee invokes his or her rights under it, and does not link consular notification to police interrogation. (*Lombera-Camorlinga, supra,* 206 F.3d at p. 886.) Because the exclusionary rule is the sanction for a violation of uniquely American rights, there is no indication the drafters of the Vienna Convention intended the exclusionary rule be used as a remedy for its violation. (*Ibid.*)

Corona also urges that exclusion is the proper remedy when confessions are obtained in violation of the defendant's rights to be brought before a judicial officer. However, article 36 does not require that a defendant be brought before anyone. Further, Corona cites no case in which the exclusionary rule has been used as a remedy for a treaty violation and the treaty

---

[2]We have located no decisions by California state courts interpreting article 36.

itself does not provide that remedy. Corona provides us with no reason to disregard *Lombera-Camorlinga*. Exclusion is not a remedy for violations of article 36 and the court correctly denied Corona's suppression motion that was based on article 36.

## II*

### *Miranda Issues*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Huffman, J., concurred.

---

*See footnote, *ante*, page 1426.